UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

UNITED STATES OF AMERICA,            )
                                     )
              Plaintiff,             )
                                     )
        vs.                          )
                                     )   Case No. 4:08CR00732 DJS  (AGF)
JASON BEARD,                         )
                                     )
              Defendant.             )

**SUPPLEMENTAL
REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This matter came before the Court on the pretrial motion filed by Defendant, Jason

Beard.  Pretrial matters were referred to the undersigned United States Magistrate Judge

under 28 U.S.C. § 636(b).  Defendant filed a motion to suppress evidence and statements.

(Doc. # 21).  An evidentiary hearing was held on March 10, 2009, and this Court issued

its Report and Recommendation ("R&R") on April 8, 2009.  [Doc. # 32].

Following the issuance of the R&R, Defendant filed a motion requesting that the

hearing be reopened.  In his motion, Defendant asserted that he had conducted additional

investigation and received information by subpoena, which he believed contradicted the

testimony of the two police officers who testified at the March 10, 2009 hearing.  [Doc.

#35].  The government had no objection to reopening the hearing, and a further hearing

was held on May 14, 2009 (the "Supplemental Hearing").

## Background

Based upon the testimony at the initial hearing, this Court made certain findings pertaining to the investigation leading up to the officers' surveillance of Defendant's residence on the morning of December 8, 2008, and Defendant's arrest later that afternoon. Those findings are set out in full in the R&R, and shall be repeated here only as pertinent to the Supplemental Hearing. Among its findings, the Court found that on December 2, 2008, the officers received information in a face-to-face meeting from a confidential informant ("CI") with whom they had prior dealings and who had proved reliable in the past. The CI advised them that an individual named "Jason" was selling heroin from 2914 Keokuk (the "Residence"), and that Jason was in possession of a handgun that he kept inside his Residence. The CI described Jason and provided other information, including that Jason had bragged about being on parole for robbery.

At the initial hearing, the officers testified that at some point after they received this information from the CI, Officer Schwerb ran several computer checks, the results of which corroborated the information they received from the CI. The first computer check was through the Crime Matrix program, from which the officers learned that an individual named Jason Beard was associated with the Residence. Then, through a search of a consolidated database, including records from the Department of Revenue, they obtained addition information including Defendant's photograph, description, and criminal history.

In his motion to reopen the hearing, Defendant alleged that he had contacted

representatives at the relevant computer services, and that his investigation revealed that (i) neither Officer Schwerb nor Officer Chambers had accessed the Crime Matrix or the REJIS[1] computer services related to the Residence or Jason Beard during the relevant period from December 2, 2008 until Defendant's arrest on December 8, 2008, and (ii) the search of the computer services related to Defendant took place only after Defendant's arrest on December 8, 2008. At the Supplemental Hearing, however, Defendant represented that after filing his motion, he learned that the information contained therein was partially incorrect. The parties both agreed that REJIS had not provided Defendant with complete information, and it was only after the filing of his motion that REJIS located and provided documents reflecting that Officer Schwerb did in fact conduct a REJIS search related to Defendant on December 3, 2008. The parties stipulated, however, that no inquiry was done on the Crime Matrix program during the period from December 2 - December 8, 2008.

At the Supplemental Hearing the government presented the testimony of Fred Klefisch, the Hot Line Coordinator for the St. Louis Metropolitan Police Department ("SLMPD"); Sergeant Mark Dougherty, the Information Technology Director for SLMPD; Chris Figge, the Senior Help Desk Specialist with REJIS; and Officer Schwerb, who provided further testimony. Defendant also testified in his own behalf. The parties also stipulated as to other investigative activities regarding the Residence, including an

---

[1]    The Regional Justice Information Service.

incident on September 9, 2008; an incident on October 8, 2008, pertaining to the arrest of Defendant and others for drinking in front of the Residence; and another incident on October 30, 2008, which matters are detailed in pages 8-9 of the government's Supplemental Response [Doc. #43].

The Court notes that much of the evidence received at the Supplemental Hearing is undisputed. To the extent that Defendant's testimony differs from that of Officers Schwerb and Chambers, the Court credits the testimony of the officers over that of Defendant. In this regard, the Court notes that Defendant's testimony was often contradictory and in several respects simply was not credible. The Court also does not accept Defendant's assertion that the officers' testimony regarding other aspects of their investigation, including their surveillance, should be disbelieved because it is somehow beyond belief that Defendant would continue to sell narcotics from his Residence given the degree of attention that the SLMPD had paid to that location during the months leading up to the arrest. The Court notes that although Officer Schwerb was mistaken at the initial hearing with regard to the timing of one of the computer searches, the documents produced at the Supplemental Hearing corroborate the officers' testimony in all other respects. Based on the testimony and evidence adduced, and having had an opportunity to observe the demeanor and evaluate the credibility of the witnesses, this Court amends and supplements its prior findings of fact and conclusions of law as follows.

<u>**Amended and Supplemental Findings of Fact**</u>

The SLMPD maintains a hot line call service, called the Get Tough system, through which members of the public can provide tips to the police, anonymously or otherwise, about people who are dealing drugs. Between the dates of May 12, 2008 through October 13, 2008, the SLMPD received seven calls on the Get Tough system, reporting drug dealing or narcotics-related activity at the Residence. Gov't Ex. M-8. Officer Chambers followed up on at least two of those calls, the dates of which he could not recall. Each time he visited the Residence, knocked on the door, but received no answer.

The SLMPD also contributes information to and can access information from a law enforcement data warehouse called Crime Matrix, which includes information, including police reports, from approximately 35 law enforcement agencies, including SLMPD. Entry of the Residence address into the Crime Matrix system would, in fact, provide the name of Jason Beard, and by clicking on that name, officers could receive Beard's "folder" which would include arrest records, mug shots, probation records, and other law enforcement information. Gov't Ex. M-9. Officer Schwerb performed a search of the address at 2914 Keokuk through the Crime Matrix program, and through this search learned that an individual named Jason Beard was associated with the Residence. His prior testimony regarding the date of this search was mistaken, however. Contrary to his prior testimony, and this Court's prior findings, this particular search did not occur in early December, 2008, but rather occurred on June 5, 2008, at 5:35 p.m., likely in

response to the hotline call that occurred two days earlier, on June 3, 2008. After receiving information from the CI in December 2008, Officer Schwerb then consulted his notes to determine that the full name of the individual named "Jason" at that address was Jason Beard.

On December 3, 2008, Officer Schwerb queried the REJIS system, using Defendant's name. This system gave him access to various administrative and law enforcement records, including records of the Department of Revenue ("DOR"), the Missouri Uniform Law Enforcement System ("MULES"), NCIC, and the Department of Corrections ("DOC"). He then ran Defendant's State ID number ("SID"), which provided access to additional information. The DOR records provided descriptive information regarding Defendant. Records from DOC showed that Defendant was, in fact, on probation or parole for a prior robbery conviction, consistent with the information received from the CI. The MULES response listed Defendant's prior criminal history, from which Officer Schwerb learned that Defendant had prior narcotics convictions, further corroborating the information received from the CI. Gov't Ex. M-10.

Except with regard to the date when Officer Schwerb conducted the search of the Crime Matrix database, the Court does not change its prior Findings of Fact, and supplements those facts with further detail as provided above.

### Supplemental Conclusions of Law

The undersigned makes no change to the Conclusions of Law contained in its initial R&R. On December 8, 2008, Officers Chambers and Schwerb had probable cause

to arrest Defendant. This probable cause was based, in part, on the information the officers received from the CI, who was known to the officers and had provided reliable information in the past. The CI's information was fully corroborated by the officer's check of the computer system on December 3, 2008, and was further corroborated by the officer's own surveillance on December 8, 2008, at which time they observed Defendant engage in what they reasonably believed was two hand-to-hand narcotics transactions.

Accordingly, following the Supplemental Hearing,

**IT IS HEREBY RECOMMENDED** that Defendant's Motion to Suppress Evidence and Statements [Doc. No. 21] be **denied**.

The parties are advised that they have eleven (11) days in which to file written objections to this report and recommendation pursuant to 28 U.S.C. §636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356 (8th Cir.1990).

AUDREY G. FLEISSIG
United States Magistrate Judge

Dated this 27th day of May, 2009.